UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| HOOPER PARSLEY, #399217, | ) | |
| Petitioner, | ) | |
| | ) | No. 1:19-cv-306 |
| -V- | ) | |
| | ) | HONORABLE PAUL L. MALONEY |
| GREG SKIPPER, | ) | |
| Respondent. | ) | |
| | ) | |

## ORDER

This is a habeas corpus petition brought by state prisoner Hooper Parsley. The matter is now before the Court on Parsley's objections to a Report and Recommendation ("R&R") issued by Magistrate Judge Phillip J. Green (R&R ECF No. 16; Objections ECF No. 20). For the reasons to be stated, the Court will overrule the objections and adopt the R&R as the opinion of the Court.

### Legal Framework

With respect to a dispositive issue, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding that the district court need not provide de novo review where the objections are frivolous, conclusive,

or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

Parsley first objects to the R&R's determination that his conviction was supported by sufficient evidence. He argues that no witness was ever directly asked whether his victim was mentally capable to consent to a sexual relationship, and therefore, no evidence was given on the issue. While this is true—no expert witness testified to the ultimate issue—there was sufficient circumstantial evidence to sustain Parsley's conviction, as outlined in the R&R (*see* ECF No. 16 at PageID.724-26). The exclusion of expert testimony on the ultimate issue does not render the rest of the evidence presented insufficient. Therefore, this objection is overruled.

Next, Parsley rehashes his second claim: that the joint trial with Todd Wheeler violated Parsley's right to a fair trial. However, nothing in this objection points out any errors in the R&R; Instead, Parsley reiterates his belief that he was entitled to a separate trial. Absent a specific objection, there is nothing for this Court to review. *See Mira*, 806 F.2d at 637. In any event, the Court has reviewed the R&R and finds no error. This objection is also overruled. Accordingly,

**IT IS ORDERED** that the March 2, 2020 R&R (ECF No. 16) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Parsley's objection (ECF No. 20) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Parsley's motion to amend (ECF No. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that Parsley's petition for writ of habeas corpus (ECF No. 1) is **DENIED**.

Judgment to follow.

**IT IS SO ORDERED.**

**Date:**  September 16, 2020                                    /s/ Paul L. Maloney
                                                              Paul L. Maloney
                                                              United States District Judge